1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN RUSHING,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

C22-714 TSZ
related to CR18-16 TSZ

ORDER

13

14

15

16

17

THIS MATTER comes before the Court on petitioner Jonathan Rushing's motion, docket no. 1, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel at trial and on appeal.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

18

**Background**

19

20

21

22

23

In the fall of 2017, investigators began surveilling individuals believed to be part of a drug-trafficking organization, including Michael Turner and Patrick Tables, who each later pleaded guilty to conspiracy to distribute controlled substances.  Judgments (CR18-16, docket nos. 240 & 305).  On November 8, 2017, officers observed a man drive

ORDER - 1

1  up in and then exit a Lexus to join Turner and Tables in a white Suburban, which was

2  parked on Yesler Street in Seattle.  Order at 2 (CR18-16, docket no. 316).  The Lexus

3  was registered to the fiancée of Nicholas Pines, who had at least one warrant outstanding

4  for his arrest.  _Id._  After comparing a photograph of Pines to the individual who had been

5  the sole occupant of the Lexus, an investigator drew the erroneous conclusion that the

6  person under observation was Pines; however, he was actually Jonathan Rushing.  _Id._

7       After returning to the Lexus, Rushing left the vehicle and walked toward Pioneer

8  Square.  _Id._  Investigators located him standing outside Merchant's Cafe and Saloon on

9  Yesler Way and requested that Seattle Police officers make contact, telling them a

10  "50/50" chance existed that he was Pines.  _Id._ at 2–3.  When approached and asked about

11  his name, Rushing said "Jonathan."  _Id._ at 3.  Rushing denied possessing a weapon, but

12  he would not, after repeated requests, remove his left hand from a pocket, and he then

13  fled away on foot.  _Id._  He was apprehended a few blocks away, and after being hand-

14  cuffed, was told "Nicholas Pines, you're under arrest," to which he responded, "Who is

15  Nicholas Pines?  I'm Jonathan Rushing."  _Id._  During a search incident to arrest, a loaded

16  firearm was discovered in Rushing's possession.  _Id._  The Lexus was impounded and

17  searched pursuant to a warrant issued by a King County district judge.  _Id._ at 4.  A black

18  sock containing several small bags of crack and methylenedioxymethamphetamine was

19  found in the glove compartment.  _Id._

20       Rushing was released on bond and fled the jurisdiction.  Over fifteen months later,

21  Rushing was arrested in California and returned to this district.  _See_ Arrest Warrant

22  Return (CR18-16, docket no. 179).  Stephan Illa, an experienced lawyer, was appointed

23

ORDER - 2

1  to represent Rushing.  Illa was aggressive in his defense of Rushing, bringing several

2  motions, including to compel discovery, to suppress the gun and drugs obtained during

3  the searches of Rushing and the Lexus, respectively, and to dismiss for "outrageous

4  government misconduct."  *See* Motions (CR18-16, docket nos. 267, 272, 273, 274, 275,

5  277, 278, 279, 281, 324, & 337).  Some of these motions were successful, but most were

6  denied.  *See* Minute Orders (CR18-16, docket nos. 312 & 339); Order (CR18-16, docket

7  no. 316); Minutes (CR18-16, docket no. 330).  After a three-day trial, a jury found

8  Rushing guilty as charged of possession of a controlled substance with intent to distribute

9  ("PWI"), being a felon in possession of a firearm ("FIP/firearm"), and carrying a firearm

10  in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c).  *See* Verdict

11  (CR18-16, docket no. 369).  He was sentenced on January 23, 2020, to imprisonment for

12  a total of 101 months.  Judgment (CR18-16, docket no. 399).  On appeal, he was

13  represented by Mick Woynarowski, who raised issues relating to Rushing's arrest, the

14  searches of his person and the Lexus, and the sufficiency of the evidence relating to the

15  PWI and § 924(c) offenses.  Rushing's conviction was affirmed by the United States

16  Court of Appeals for the Ninth Circuit via memorandum disposition (CR18-16, docket

17  no. 751), and the Ninth Circuit's mandate (CR18-16, docket no. 754) issued on

18  January 31, 2022.

19        Acting pro se, Rushing now asserts that Illa's performance was deficient for the

20  following reasons:

21        (A) Failing to challenge a valid Terry seizure; (B) Reasonable grounds to
          take protective measures during the Terry Stop (Stop and Frisk); (C) Failure
22        to [admit] Officer Nelson's police report to the record; (D) Failing to

23

ORDER - 3

challenge or timely object to drugs introduce[d] at trial deemed to have been obtained in violation of the Fourth Amendment by a state judge in the King County of Washington; (E) Not admitting documents and[/]or evidence revealing that government agents tampered with drugs introduced at trial; . . . (F) Counsel was ineffective for failing to attach documents or exhibits in support of defend[a]nt[']s request for evidentual [sic] hearing pertaining to illegal pretext stop, outrageous Government misconduct, evidence seized pursuant to search warrant, and fruits of illegal seizure, Brady violation; (G) Failing to challenge the probable cause to seize the black Lexuse [sic] Nov. 9, 2017, filing a bare bone motion after the pre-trial motion date; (H) Counsel was ineffective for conceading [sic] to government[']s claim that Mr. Pine had an active warr[a]nt for his arrest Nov. 8, 2017. . . . (I) Failing to present any evidence and[/]or documents to support trial defense; (J) Failing to make an effective record at trial; (K) Failing to present documents such as e-mails, texts, Grand Jury testimony, photos of cocaine, and DEA-7 reports in discovery supporting evidence tampering by government agents; (L) Failing to present exculpatory video evidence when detectives state stopping officer knew defend[a]nt wasn't warr[a]nt suspect; . . . (M) Counsel challe[n]ged chain of custody of drugs but was inept attempt at impeachment not present documents on to record at trial and[/]or use evidence to impeach witnesses; (N) Failing to object to the admission of government[']s document[a]ry evidence; (O) Failing to impeach Agent Palermo's false testimony before[e] the Grand Jury; (P) Failing to file motion to dismiss the indictment as violative of defend[a]nt[']s due process; [and] (Q) Failing to undertake a reasonable investigation when compelling evidence exist[ed].

Pet.'s Mot. at ¶ 12 (docket no. 1 at 5–10).  Rushing appears to further contend that Woynarowski was ineffective for failing to raise these issues on appeal.  *Id.* at ¶ 13.

## Discussion

The Court may rule on a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b).  The Court concludes that an evidentiary hearing is unnecessary.  *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).  The Court is persuaded that Rushing's claims of ineffective assistance of counsel at trial and

ORDER - 4

1   on appeal lack merit.  To prevail on such claims, Rushing must prove that (i) Illa's and/or

2   Woynarowski's representation fell below "an objective standard of reasonableness," and

3   that (ii) he was prejudiced by any deficiencies in counsel's performance.  *See Strickland*

4   *v. Washington*, 466 U.S. 668, 688, 692 (1984); *see also Smith v. Robbins*, 528 U.S. 259,

5   285 (2000) (citing *Smith v. Murray*, 477 U.S. 527 (1986) (applying the *Strickland*

6   standard to a claim of attorney error on appeal)).  For the reasons articulated in the

7   Government's thorough response, docket no. 7, which are incorporated by reference into

8   this Order, Rushing has not met this burden.

9         Illa's work on Rushing's behalf was far above the applicable objective standard.

10  He raised every colorable argument, exposed all conceivable flaws in the Government's

11  case, and offered compelling reasons for the jury to acquit Rushing on the PWI and

12  § 924(c) charges, which were associated with more severe sentencing consequences than

13  the FIP/firearm offense.  Indeed, the jury struggled with the PWI and § 924(c) counts,

14  indicating after a couple of hours of deliberation that they could not reach a unanimous

15  verdict.  *See* Tr. (Oct. 30, 2019) at 558:12–559:8 (docket no. 454).  Over Illa's objection,

16  the Court provided the standard "deadlocked" instruction (also known as "an *Allen*

17  charge"), and the jury did not reach a verdict until the next day.  *Id.* at 559:9–563:3; *see*

18  Minutes (docket nos. 361 & 367); *see also* 9th Cir. Model Instr. 6.25.  The jury's note

19  and relatively lengthy deliberation serve as a testament to the skill that Illa displayed in

20  presenting Rushing's defense.

21        Most of Rushing's accusations of ineffective assistance are premised on

22  misstatements about the underlying facts and/or procedural history of this case.  Other

23

1  contentions are based on mere speculation or misconceptions about defense counsel's

2  role, which did not involve cross-examining witnesses during grand jury proceedings or

3  launching futile objections.  The remaining allegations concern either conduct that cannot

4  be viewed as falling below the requisite level of competence or decisions that were well

5  within the bounds of "sound trial strategy," _Strickland_, 466 U.S. at 689.  Moreover,

6  Rushing does not make the required showing of prejudice.  Given the nature of Rushing's

7  ineffective assistance claims, which are not of the type typically considered on direct

8  review and which are entirely lacking in merit, Woynarowski did not breach any duty to

9  Rushing by not advancing them on appeal.

10  **Conclusion**

11      For the foregoing reasons, the Court ORDERS:

12      (1)  Rushing's request that counsel be appointed to represent him in connection

13  with his motion under 28 U.S.C. § 2255, _see_ Pet.'s Mot. (docket no. 1 at 15), is DENIED.

14  No constitutional right to counsel exists with respect to § 2255 proceedings.  _See Sanchez_

15  _v. United States_, 50 F.3d 1448, 1456 (9th Cir. 1995).

16      (2)  Rushing's § 2255 motion, docket no. 1, is DENIED.

17      (3)  Because "jurists of reason" could not conclude that the issues presented are

18  "adequate to deserve encouragement to proceed further," _see Miller-El v. Cockrell_, 537

19  U.S. 322, 327 (2003), a certificate of appealability is DENIED.

20      (4)  The Clerk is DIRECTED to enter Judgment consistent with this Order, to

21  send a copy of the Judgment and this Order to all counsel of record and petitioner pro se,

22  and to CLOSE this case.

23

ORDER - 6

1    IT IS SO ORDERED.

2    Dated this 22nd day of August, 2022.

3

4    _____
     Thomas S. Zilly
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 7